MATTER OF W—K—W—

In DEPORTATION Proceedings

A-10828430

*Decided by Board February 28, 1961*

Deportability—Adverse court decision under section 503 of the Nationality Act of 1940 makes alien deportable.

(1) Where respondent was admitted in 1952 to prosecute an action under section 503 of the Nationality Act of 1940 and the court issued a final judgment in 1958 declaring that respondent is not a national or citizen of the United States following which respondent was notified of a departure date and failed to depart, it was held that the adverse judgment by the court in the section 503 proceedings without more required respondent's deportation.

(2) Hence, respondent was properly found deportable under section 241(a)(2) of the Immigration and Nationality Act as having remained in the United States in violation of law.

(Note: *Matter of T—*, 8—244, distinguished.)

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant remained longer than permitted.

BEFORE THE BOARD

DISCUSSION: This case is before us on appeal from a decision of a special inquiry officer directing the respondent's deportation.

The respondent is a male, about 20 or 25 years old, and apparently unmarried. He is a native of China and claims United States citizenship. His only entry into the United States occurred on January 28, 1952, at which time he was admitted as a nonimmigrant visitor under section 3(2) of the Immigration Act of 1924 [8 U.S.C. 203] for the purpose of prosecuting his suit under section 503 of the Nationality Act of 1940 [8 U.S.C. 903] for a judgment declaring him to be a national of the United States. A judgment adverse to this respondent was entered in the United States District Court for the Southern District of California, Central Division, and this was affirmed by the United States Court of Appeals for the Ninth Circuit on November 6, 1958 (*Wong Ho as Guardian ad litem of Wong Kwok Wei v. Dulles*, 261 F.2d 456 (C.A. 9, 1958)). The

235

sole issue involved is whether the respondent's deportability has been established.

We have carefully reviewed the entire record. The respondent admitted the allegations of the order to show cause except that he did not admit his alienage and did not admit that he is a citizen of China. He asserted that he was born in China on April 30, 1935, and that he is the son of W—H—. It is not disputed that the latter was a United States citizen who had resided in this country prior to the birth of the respondent. The alleged mother of the respondent has never been in the United States and W—H—'s last trip to China was from May 30, 1934, to June 23, 1937. At the trial, there was medical testimony, based on X-rays, indicating that the respondent was born about 1941. In the respondent's suit under section 503 of the Nationality Act of 1940, the District Court found that he was not born on April 30, 1935, but after that date, and that he had not sustained his burden of proving (1) that he is the true and lawful blood son of W—H—, and (2) that he is a national or citizen of the United States.

At the hearing, counsel again asserted that the respondent is a United States citizen and that he is actually the son of W—H—. The special inquiry officer held that the respondent was precluded from presenting further evidence on the issue of alienage for two reasons: (1) under the doctrine of collateral estoppel by judgment, and (2) because of the specific provision in section 503 relating to deportation if the court decides that the plaintiff in the suit is not a national of the United States.

We will first discuss the second reason, that is, the statutory provision. Exhibit 2 is a certificate of identity issued by the American consular officer which contains a statement to the effect that it is issued upon condition that the individual shall be subject to deportation if the final outcome of his action is adverse to his claim of United States nationality, and item 11 of the application for the certificate of identity is, in part, as follows: "I understand that my admission to the United States shall be * * * upon the condition that I shall be subject to deportation if the final outcome of such court action is not to the effect that I am a national of the United States and if I then fail to depart without delay from the United States in accordance with directions from the Immigration and Naturalization Service." In view of the savings clause contained in section 405(a) of the Immigration and Nationality Act [8 U.S.C. 1101. Note; 66 Stat. 280], section 503 of the Nationality Act of 1940 [54 Stat. 1171; 8 U.S.C. 903] is continued in force and effect as to this respondent. Section 503 provided that an action might be instituted against the head of a governmental department for a judgment declaring a person to be a national of the United

States where he had been denied a citizenship right or privilege upon the ground that he was not a national of the United States. This section further provided, in part, as follows:

* * * If such person is outside the United States and shall have instituted such an action in court, he may * * * obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate *upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States.* * * * (Emphasis supplied.)

We believe it is crystal clear from section 503 in its entirety that Congress intended that where the claim of United States nationality was made in good faith and the person making it was outside the United States, he should be permitted to enter this country in order to prosecute his suit, but if the court decided against him, that fact alone would require his deportation. In the respondent's case, it was *decided by the court* that he is not a national of the United States and the case, therefore, differs from *Matter of T——*, 8—244 (1959) in which there was no decision by the court and the suit was merely dismissed upon stipulation of the parties.

Exhibit 6 shows that on May 26, 1959, the respondent was notified that, in view of the adverse court decisions, the time for which he was originally admitted had expired; he was directed to depart from the United States on or before June 30, 1959; and he was informed that failure to do so would result in the institution of deportation proceedings. The order to show cause contains the assertion that the respondent was admitted to the United States as a nonimmigrant under section 3 of the Immigration Act of 1924 for the purpose of proceeding with his action in a federal court for a judgment declaring him to be a national of the United States, and it was charged that he is deportable under section 241(a)(2) of the Immigration and Nationality Act. This statutory provision requires the deportation of any alien who "* * * is in the United States in violation of this Act or in violation of any other law of the United States * * *." Since the respondent has remained in the United States for a longer time than permitted and is now in the United States in violation of the provisions of section 503 of the Nationality Act of 1940, we hold that he is deportable on the charge stated in the order to show cause, and his appeal will be dismissed.

The alternative basis for the special inquiry officer's decision was his ruling that the doctrine of collateral estoppel by judgment applies in this case so as to preclude the respondent from presenting further evidence to establish his claimed United States citizenship. This was the only issue which counsel discussed at the oral argument. Since we have concluded that the respondent's deportation

is required because of the judicial decisions adverse to him and the specific language of section 503 of the Nationality Act of 1940, we do not consider it necessary to discuss herein the collateral estoppel question or counsel's contentions concerning it.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.